# EXHIBIT A

STATE OF TENNESSEE, COCKE COUNTY
I, Kristy L. Nease, Clerk of the Circuit Court of Cocke County, Tennessee, certify that the foregoing is a true copy of the original bill filed in this cause. Witness my hand and official seal of office on this 2nd, day of December, 20 21

Circuit Court Clerk

CIRCUIT COURT
FILED
DEC 0 2 2021
KRISTY L. NEASE
CIRCUIT COURT CLERK
COCKE COUNTY, TN

IN THE CIRCUIT COURT FOR COCKE COUNTY, TENNESSEE

| | |
|---|---|
| ROGER HAWKINS and CHRISTINE HAWKINS, <br><br> Plaintiffs, <br><br> v. <br><br> MILAN EXPRESS, INC., and NECHKO ALEKSANDROV, <br><br> Defendants. | DOCKET NO. 36,249-IV <br><br> JURY DEMANDED |

**COMPLAINT**

COME NOW Plaintiffs, Roger Hawkins and Christine Hawkins, and file their complaint, and show unto the Court as follows:

1. Roger Hawkins and Christine Hawkins are married and are members of the public and residents of the State of Tennessee.

2. Defendant, Milan Express, Inc. is a corporation organized in the State of Illinois and transacting business in the State of Tennessee on the date at issue.

3. Milan Express, Inc. can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its registered agent, Transcomp Permit & Fuel Tax Services, LLC, 5901 Shallowford Rd., Suite 104, Chattanooga, TN 37422.

4. Milan Express, Inc. is a motor carrier registered with U.S. Department of Transportation under DOT number 2014839 and MC number 709622.

5. Defendant Nechko Aleksandrov is a resident of the State of Illinois and can be served with a Summons and Complaint at 9448 Kelvin Lane, Apt. 3223, Schiller Park, IL 60176.

6. Jurisdiction is proper to this Court pursuant to T.C.A. § 16-10-101.

7. Venue is proper to this Court pursuant to T.C.A. § 20-4-101.

8. Defendant Milan Express, Inc. is an interstate motor carrier based out of Illinois.

9. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Milan Express, Inc. and Nechko Aleksandrov were subject to and were required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

10. Defendant Milan Express, Inc. is the owner of the tractor operated by Nechko Aleksandrov, based out of Illinois.

11. At the time of the wreck, Defendant Nechko Aleksandrov was an employee and/or agent of defendant Milan Express, Inc.

12. At all times relevant hereto, Nechko Aleksandrov was a truck driver for defendant Milan Express, Inc. and was acting within the scope and course of the business of defendant Milan Express, Inc.

13. **NOT TO BE READ TO THE JURY**: The Plaintiff alleges that one or more of the Defendants is uninsured, or underinsured, and as such invoke their contractual rights with their insurance carrier, Safeco Insurance Company of Illinois (policy number F3395520), who can be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37242-1131.

14. At all times relevant hereto, Defendant Milan Express, Inc. was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior,* agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

15. At all times relevant hereto, the Defendants were acting in a joint enterprise.

## STATEMENT OF FACTS

16. All preceding statements of plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

17. On or about December 15, 2020, Defendant Nechko Aleksandrov was driving a tractor-trailer, a commercial motor vehicle, owned by Milan Express, Inc. westbound on Interstate 40 in Cocke County, Tennessee.

18. Milan Express, Inc. was a for-hire motor carrier operating a tractor trailer transporting property in interstate commerce on the day of the wreck.

19. Defendant Nechko Aleksandrov had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

20. Defendant Nechko Aleksandrov had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

21. At the same time and place, Roger Hawkins was driving westbound on I-40 ahead of Nechko Aleksandrov.

22. Roger Hawkins was driving a black Toyota Tacoma pickup truck at the time of the wreck and had slowed due to a trailer that came off another vehicle.

23. Defendant Nechko Aleksandrov was driving negligently, carelessly, and erratically and failed to exercise due care while operating his vehicle.

24. Defendant Nechko Aleksandrov was driving the tractor trailer in a careless, negligent, and dangerous manner.

25. As Roger Hawkins was slowing for the obstacle in the road, Defendant Nechko Aleksandrov failed to timely stop the tractor-trailer and violently smashed into the rear of Plaintiffs' vehicle, causing the pictured damage.





26. Defendant Nechko Aleksandrov negligent and careless driving caused a wreck with Roger Hawkins's vehicle and forced Roger Hawkins's vehicle off the road.

27. The tractor-trailer being operated by Defendant Nechko Aleksandrov had improperly maintained brakes at the time of the wreck, which Defendants Milan Express, Inc. and Nechko Aleksandrov knew, or should have known of prior to the wreck.

28. The wreck was caused by the negligence of the defendants and the careless driving of Defendant Nechko Aleksandrov.

29. No act of Roger Hawkins was a cause of the wreck.

30. No failure to act by Roger Hawkins was a cause of the wreck.

31. Roger Hawkins was severely injured as a result of the wreck.

32. The negligence, and gross negligence, of Milan Express, Inc. and Nechko Aleksandrov individually, or combined and concurring with the negligence of each other, were the legal and proximate cause of the damages to Roger Hawkins for which Roger Hawkins is entitled to receive restitution for the past, present and future economic and non-economic damages to the extent allowed by law.

### COUNT I – NEGLIGENCE OF MILAN EXPRESS, INC.: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION, AND MAINTENANCE

33. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

34. Regardless of the employment relationship, Defendant Milan Express, Inc. is the registered owner of DOT number 2014839 and MC number 709622, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

35. At all times relevant to this cause of action, Defendants Milan Express, Inc. and Nechko Aleksandrov were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

36. FMCSR was made to prevent crashes, such as this crash for members of the public like Plaintiff Hawkins.

37. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

   a. §383      Commercial Driver's License Standards

   b. §390      General

   c. §391      Qualifications of Drivers

   d. §392      Driving of Commercial Motor Vehicles

   e. §393      Parts and Accessories Necessary for Safe Operation

   f. §395      Hours of Service

   g. §396      Inspections, Repairs, and Maintenances

38. Milan Express was on notice that its trucks had issues with brakes as evaluated by its drivers' violations.

39. Defendant Milan Express, Inc. was required to teach and train Nechko Aleksandrov so that he was able to understand and obey the rules and regulations contained in the FMCSR.

40. Defendant Milan Express, Inc. was negligent, and grossly negligent, in:

   a. hiring and/or contracting with Nechko Aleksandrov to drive the tractor-trailer at issue;

b. training of Nechko Aleksandrov on the FMCSR and Commercial Driver's Manual;

c. failing to supervise Nechko Aleksandrov while driving the tractor-trailer;

d. failing to train Nechko Aleksandrov to properly drive the tractor-trailer;

e. failing to train Nechko Aleksandrov to properly inspect the tractor-trailer;

f. failing to train Nechko Aleksandrov to properly maintain the tractor-trailer;

g. entrusting Nechko Aleksandrov with the tractor-trailer;

h. retaining Nechko Aleksandrov to drive the tractor-trailer;

i. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Nechko Aleksandrov; and

j. failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

41. Defendant Milan Express, Inc. had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

42. Defendant Milan Express, Inc., through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

a. The risks associated with unsafe drivers,

b. The risks associated with failing to train drivers to obey the FMCSR,

c. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

d. The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,

e. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,

f. The risks associated with failing to have adequate risk management policies and procedures in place,

g. Failing to ensure its routes could be driven within hours-of-service,

h. Requiring drivers to meet unrealistic driving goals which Milan Express, Inc. knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations.

i. Failing to have policies and procedures in place to identify undertrained and unqualified drivers.

j. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Nechko Aleksandrov once he was hired.

k. Failing to implement and follow a written safety plan.

l. Failing to protect the members of the public, such as the Plaintiff, from the risks described above,

m. Failing to use the composite knowledge reasonably available to Milan Express, Inc. to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

n. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

43. The negligence of Defendant Milan Express, Inc. was a proximate cause of the injuries sustained by Roger Hawkins.

44. As a result of Defendant Milan Express, Inc.'s actions and inactions Roger Hawkins suffered serious injuries affecting his activities of normal daily living.

45. The negligence, and gross negligence, of Milan Express, Inc. individually, or combined and concurring with the negligence of the other defendants, was a legal and proximate cause of the damages to Plaintiffs for which Plaintiffs are entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

## COUNT II
## NEGLIGENCE OF NECHKO ALEKSANDROV

46. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

47. At the time of the wreck, defendant Nechko Aleksandrov failed to exercise due care by driving the tractor-trailer carelessly and erratically, failing to observe the warnings of road work ahead, having faulty brakes, driving in a reckless manner, improperly following too close, improperly securing the load the truck was carrying, disregarding the actual and potential hazards then existing, and failing to perform a proper inspection of the tractor-trailer when he knew, or should have known, of the problem with the brakes.

48. At all times relevant hereto, Roger Hawkins exercised ordinary care in operating his vehicle.

49. The tractor trailer driven by Defendant Nechko Aleksandrov was driven with the permission and at the direction of Defendant Milan Express, Inc.

50. Upon information and belief, the tractor trailer driven by Defendant Nechko Aleksandrov was driven in the course and scope of his employment with the business of Defendant Milan Express, Inc.

51. Regardless of the employment relationship, Milan Express, Inc. is the registered owner of DOT number 2014839 and MC number 709622 displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

52. In order to put the matter at issue, Plaintiff alleges that Milan Express, Inc. was negligent in the maintenance of the tractor-trailer and in the hiring, supervision, training, and retention of Defendant Nechko Aleksandrov and is responsible for negligent entrustment of their tractor-trailer to his care, and these acts of negligence, combined and concurring with the other acts of negligence of the Defendants, proximately resulted in the damages to the Plaintiff.

53. At the time and place of this wreck, Defendant Nechko Aleksandrov was generally negligent under the circumstances then and there existing in that he:

    a. failed to keep his vehicle under control;

    b. failed to keep a proper lookout;

    c. failed to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicle in front of him;

    d. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    e. failed to stop with the flow of traffic;

    f. failed to keep a safe and reasonable distance between the car he was following and his tractor-trailer (following too closely);

    g. operated his vehicle at an excessive speed;

    h. failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road;

     i. failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

     j. drove in a reckless manner; and

     k. such other actions or inactions that may be shown at a hearing of this cause.

54. Defendants' negligence proximately caused the wreck with Roger Hawkins' vehicle and resulting damages and injuries.

55. At the time and place of this wreck, the Defendant Nechko Aleksandrov was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee; to include but not be limited to:

     a. T.C.A. § 55-8-124    Following too closely

     b. T.C.A. § 55-8-136    Drivers to exercise due care

56. That Defendant Nechko Aleksandrov was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, at the time and date of the wreck.

57. The Defendant Nechko Aleksandrov will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

     a. §383    Commercial Driver's License Standards

     b. §390    General

     c. §391    Qualifications of Drivers

     d. §392    Driving of Commercial Motor Vehicles

     e. §393    Parts and Accessories Necessary for Safe Operation

  f. §395  Hours of Service

  g. §396  Inspections, Repairs, and Maintenances

58. Defendant Nechko Aleksandrov will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

59. The negligence, and gross negligence, of Nechko Aleksandrov individually, or combined and concurring with the negligence of the other defendants, was a legal and proximate cause of the damages to Roger Hawkins for which Roger Hawkins is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

## COUNT IV – DAMAGES

60. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

61. Christine Hawkins, as a result of the Defendants' negligence, and statutory violations, has suffered a loss in the companionship, society, services, and consortium of one another.

62. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other defendants' acts of negligence, directly and proximately caused the wreck and Roger Hawkins's injuries.

63. Defendants knowingly, intentionally recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

64. Defendants' conduct constituted a conscious disregard for the life and safety of Roger Hawkins and for the lives and safety of the motoring public generally, and these defendants are therefore liable to Roger Hawkins for exemplary or punitive damages.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. For judgment against the Defendants, to compensate Plaintiffs for their pain and suffering, past, present, and future;

d. For judgment against the Defendants, in an amount sufficient to compensate Roger Hawkins for the medical expenses incurred to date, as well as for medical expenses which will be incurred in the future;

e. For judgment against the Defendants in amount sufficient to compensate Roger Hawkins for lost wages incurred, including future lost wages or ability to earn income;

f. Such other economic and non-economic losses as may be shown at the hearing of this matter.

g. That Plaintiffs obtain judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $5,000,000 for the damages suffered by Roger Hawkins and a sum not to exceed $1,000,000.00 for damages suffered by Christine Hawkins.

h. For an award of punitive damages against Defendants Milan Express, Inc. and Nechko Aleksandrov, in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $5,100,000.

i. Court Cost and discretionary Costs.

j. For all such further and general relief which this Court deems just and proper.

Respectfully submitted,

TRUCK WRECK JUSTICE, PLLC

By: _____
DANNY R. ELLIS, BPR #020747
1419 Market Street
Chattanooga, TN 37402
423-265-2020
danny@truckwreckjustice.com

AND

By: _____
MELISSIA R. BALL, BPR #025251
331 E. Broadway
Post Office Box 160
Newport, Tennessee 37822
(423) 623-3091
melissiaball@bellsouth.net

## COST BOND

I, Melissia R. Ball, the undersigned attorney, hereby acknowledge myself as surety for the Plaintiff in this cause for the payment of court costs and taxes which may be awarded against the Plaintiff pursuant to T.C.A. § 20-12-120.

By: _____
MELISSIA R. BALL, BPR #025251
331 E. Broadway
Post Office Box 160
Newport, Tennessee 37822
(423) 623-3091
melissiaball@bellsouth.net